UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HASTAY MARINE LTD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| HANJIN SHIPPING CO., LTD., | ) | Magistrate Judge |
| | ) | |
| Defendant. | ) | |

## **VERIFIED COMPLAINT**

NOW COMES the plaintiff, HASTAY MARINE LTD ("Hastay Marine"), by its attorneys, Timothy S. McGovern and James M. Gale, and complains of defendant, HANJIN SHIPPING CO., LTD. ("HANJIN"), as follows:

1. This is an admiralty and maritime claim related to the breach of a charter party agreement by defendant. Pursuant to the terms of the Charter Party, defendant agreed to pay hire and related expenses, but has failed to make required payments. Defendant's assets are in, or may shortly come into, the hands of garnishees within this district.

2. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Subject matter jurisdiction is appropriate pursuant to 28 U.S.C. § 1333. This Court has supplemental jurisdiction over common law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies within this district pursuant to 28 U.S.C. § 1391(b) and Rules B and E of the Supplemental Admiralty Rules, in that the assets of HANJIN sought to be attached are located within this district.

4. Plaintiff is a foreign business entity organized under the laws of the British Virgin Islands. Plaintiff owns the containership HANJIN NEW JERSEY (the "Vessel").

5. Upon information and belief, HANJIN is or was a business entity organized under the laws of the Republic of Korea. HANJIN is the time charterer of the Vessel.

6. On or about May 16, 2011, Zodiac Maritime Agencies Ltd ("Zodiac") (on behalf of a nominee to be advised) as Owners and HANJIN as Charterers entered into an agreement to charter a vessel "TBN Hull S4029" (now named M/V "HANJIN NEW JERSEY") ("Time Charter"). On June 28, 2013, the Plaintiff HASTAY was nominated as Owners by Zodiac. A true and correct copy of the "Time Charter" dated May 16, 2011, along with Addenda 1 through 5, are submitted herewith as Exhibit 1 and made a part hereof.

7. Pursuant to Clauses 4 and 5 of the Time Charter, the daily hire rate of US$23,890 is due and payable 15 days in advance. *Id.*

8. On June 22, 2016, HASTAY gave HANJIN notice that, in breach of the Time Charter, HANJIN had failed to pay when due on June 21, 2016 the hire payment for the period June 22 to July 7, 2016 in the total sum of US$360,075, which includes $358,350 in hire and $1,725 in related expenses (hereinafter collectively referred to as "hire"). HASTAY demanded immediate payment.

9. After not receiving any payment in response to its June 22, 2016 demand, HASTAY demanded payment again on June 29, 2016, of the US$360,075 past due. HASTAY demanded payment by June 30, 2016.

10. A second hire installment fell due on July 6, 2016. After not receiving any payment in response to its June 22 and June 29, 2016 demands, as well as payment in respect of the said further installment of hire, on July 7, 2016, HASTAY again demanded HANJIN make

payment of US$360,075 for past-due hire payment covering the period June 22 through July 7, 2016 and also demanded payment of an additional US$360,075 for past due hire for the period July 7 to July 22, 2016, bringing the total amount owed to $720,150.

11. On July 11, 2016, HASTAY agreed, without prejudice to its rights to take any action necessary to protect its interests, to forego arresting another asset of HANJIN in consideration for HANJIN's undertaking to provide, by July 31, 2016: (a) payment for the operating expenses of HANJIN NEW JERSEY for the period June 22 through August 6, 2016 (at US$7,000 per day); and (b) provide a letter of support from HANJIN's largest bank lender, Korea Development Bank ("KDB") (hereinafter "Undertaking").

12. On July 21, 2016, a third hire installment fell due, bringing the total charter hire outstanding to the sum of $1,080,225 (for the period June 22 through August 6, 2016).

13. On July 29, 2016, HANJIN made payment of US$322,000 for operating expenses but did not produce a letter of support from KDB as to HANJIN's plans for financial restructuring, in breach of the Undertaking. Further, despite various demands, HANJIN failed to provide confirmation, by the stipulated deadline of July 29, 2016, that the outstanding hire would be paid on or before August 3, 2016. As of August 1, 2016, the balance charter hire outstanding (less the operating expenses paid by HANJIN of $322,000) was $758,225. As of August 6, 2016, a fourth hire installment fell due, and the total amount of charter hire due became $1,118,300. HASTAY eventually received the required letters of support from KDB on or about August 10, 2016.

14. On August 8, 2016, HASTAY demanded payment of the outstanding hire of $1,118,300 within 4 banking days. HANJIN subsequently made payment for operating expenses in the amount of $98,000, leaving a balance amount of $1,020,300 due and owing to HASTAY.

15. On August 21, 2016, a fifth hire installment fell due for the period August 21 to September 5, leaving a balance of $1,380,375 due and owing to HASTAY. On August 22, 2016, HASTAY demanded payment of the outstanding hire of $1,380,375 within four banking days. HANJIN failed to make payment in satisfaction of its outstanding debt of $1,380,375.

16. On Monday, September 5, 2016, a sixth hire installment in the amount of $360,075 was due, but no payment has been made. As the result of HANJIN's failure to pay this installment, a total amount of $1,740,450 is now due and owing.

17. HASTAY is informed and believes that HANJIN has, or will have, assets, accounts, freights, monies, charter hire, credits, effects, bunkers, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for the benefit of HANJIN within this District held by HANJIN or various other parties, as garnishees as more specifically set forth in Exhibit 2 (Report of Gray Page) filed concurrently herewith.

## COUNT I
### (Breach of contract)

18. Plaintiff realleges and incorporates herein each and every allegation contained in Paragraphs 1 through 17, as though fully set forth herein.

19. In direct breach of the requirements of the Time Charter, and despite repeated demands, HANJIN wrongfully failed, neglected or otherwise refused to pay the charter hire in the present amount of $1,740,450 which is past due and owing as of the date of the filing of this Verified Complaint, exclusive of interest and costs.

20. HANJIN received and is receiving the benefit of use of the Vessel chartered by HASTAY and is therefore indebted to HASTAY and fully obligated to pay for the charter hire as set forth in the Time Charter. *See Exhibit 1*.

21. HASTAY has fully complied with all relevant terms of the Time Charter and/or has otherwise performed all conditions precedent to recovery of the complete payment for charter hire.

22. As a result of HANJIN's breach of Time Charter, HASTAY has been damaged in the amount of US$1,740,450 as of the filing of this Verified Complaint, exclusive of interests and costs, and in an increasing amount which will be subject to proof and determination at trial.

## COUNT II
### (Application for Attachment under Supplemental Admiralty Rule B)

23. Plaintiff re-alleges and incorporates herein each and every allegation contained in Paragraphs 1 through 17, as though fully set forth herein.

24. Defendant HANJIN is not present and cannot be found in the Northern District of Illinois within the meaning of Rule B of the Supplemental Admiralty Rules. *See Exhibit 3, Declaration of Timothy S. McGovern, submitted herewith and made a part hereof*. However, HANJIN is believed to have, or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, bunkers, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for the benefit of defendants within this District held by defendants or various other parties, as garnishees.

25. Plaintiff seeks an Order from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, attaching, *inter alia*, any assets of Allied Maritime held by any garnishees within this District for the purpose of obtaining personal jurisdiction over defendant and to secure plaintiff's claims, as described above.

WHEREFORE, plaintiff, HASTAY SHIPPING LTD, prays for the following:

(A)  That process in due form of law issue against defendant, HANJIN, citing it to appear and answer under oath all and singular the matters alleged in this Verified Complaint, failing which default judgment be entered against it in the sum of $1,740,450;

(B)  That since defendant, HANJIN, cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any funds up to the amount of $1,740,450, belonging to, due or being transferred to, from or for the benefit of HANJIN, including, but not limited to such property as may be held, received or transferred in defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure answer the matters alleged in this Verified Complaint;

(C)  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

(D)  That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a judgment of this Court;

(E)  That this Court award plaintiff interest, plus the attorney fees and costs incurred in this action; and

(F)  For such other and further relief as the Court deems just and proper.

                                              HASTAY MARTINE LTD, plaintiff,

                                                    s/ Timothy S. McGovern
                                                         Its attorney

Timothy S. McGovern (#6275492)
James M. Gale
SWANSON, MARTIN & BELL, LLP
330 North Wabash – Suite 3300
Chicago, Illinois 60611
Tel.: (312) 321-9100
Fax: (312) 321-0990
tmcgovern@smbtrials.com