UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HASTAY MARINE LTD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16-cv-8675 |
| | ) | |
| v. | ) | Judge Pallmeyer |
| | ) | |
| HANJIN SHIPPING CO., LTD., | ) | Magistrate Judge Valdez |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

NOW COMES the plaintiff, HASTAY MARINE LTD ("Hastay"), by its attorneys, Timothy S. McGovern and James M. Gale, and submits this memorandum in support of its motion for issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B").

**I.  Introduction.**

This is an admiralty or maritime claim for breach of a charter party agreement by defendant. The parties entered into a Charter Party dated May 16, 2011, a true and accurate copy of which was submitted as Exhibit 1 to the Verified Complaint filed in the instant action. Pursuant to the terms of the Charter Party, defendant agreed to pay hire and related expenses, but has failed to make all required payments. Defendant's assets are in, or may shortly come into, the hands of garnishees within this district.

**II.  This court had admiralty jurisdiction.**

This court has original jurisdiction over this action pursuant to 28 U.S.C. § 1333(1). Plaintiff has a valid and enforceable admiralty or maritime claim. "It has long been decided that

this grant includes jurisdiction over all contracts...which relate to the navigation, business, or commerce of the sea." *Atlantic Mut. Ins. Co. v. Balfour Maclaine International Ltd.,* 968 F.2d 196, 199 (2d Cir.1992).

In the case, the contract at issue is a charter party, a traditional admiralty contract. "That the charter party was a maritime contract...is unquestionable." *Pacific Surety Co. v. Leatham & Smith Towing & Wrecking Co.*, 151 F. 440 (7th Cir. 1907); *See also Fednav, Ltd. v. Isoramer, S.A.*, 925 F.2d 599, 601 (2d Cir. 1991) ("It is well-established that a charter party agreement is a maritime contract."). Plaintiff has sufficiently alleged a breach of the charter party in the Verified Complaint.

### III. Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B") permits a claimant to attach property belonging to a non-resident defendant who cannot be found within the jurisdiction. In relevant part, Rule B states:

> **Rule B. In Personam Actions: Attachment and Garnishment**
>
> (1) When Available; Complaint, Affidavit, Judicial Authorization, and Process. In an in personam action:
>
> > (a) If a defendant is not found within the district when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property—up to the amount sued for—in the hands of garnishees named in the process.
> >
> > (b) The plaintiff or the plaintiff's attorney must sign and file with the complaint an affidavit stating that, to the affiant's knowledge, or on information and belief, the defendant cannot be found within the district. The court must review the complaint and affidavit and, if the conditions of this

> Rule B appear to exist, enter an order so stating and authorizing process of attachment and garnishment. The clerk may issue supplemental process enforcing the court's order upon application without further court order.

*Supplemental Rules for Certain Admiralty and Maritime Claims, Rule B, 28 U.S.C.A.* An attachment should issue if plaintiff shows a valid *prima facie* admiralty claim against the defendant. *Budisukma Permai SDN BHD v. N.M.K. Products & Agencies Lanka*, 606 F.Supp.2d 391, 395 (S.D.N.Y. 2009).

In the instant case, all of the requirements of Rule B are satisfied. The contract at issue is a maritime contract, as shown above. Further, defendant cannot be found within this district. *See Declaration of Timothy S. McGovern, submitted herewith*.

### IV. The forum selection clause of the Charter Party does not affect plaintiff's right to a maritime attachment.

The Charter Party provides for jurisdiction in the English High Courts for resolution of disputes. At the present time, proceedings have commenced in the appropriate jurisdiction. However, the English court action does not serve as a bar to the instant action.

> Supplemental Rule B provides for attachment and garnishment for any in personam admiralty or maritime claim where the defendant cannot be found within the district but owns property within the district. One purpose behind this judicially created rule is to provide prejudgment security for maritime proceedings in situations where the Defendant's assets may otherwise be difficult to reach. *Schiffahartsgesellschaft Leonhardt & Co. v. A. Bottacchi S.A. de Navegacion*, 1984 AMC 2113, 732 F.2d 1543 (11 Cir. 1984). The procedure is designed to assure satisfaction of the judgment in the event that the suit is successful. *Nehring v. Steamship M/V Point Vail*, 1993 AMC 244, 1993 AMC 255, 901 F.2d 1044, 1051 (11 Cir. 1990).

*Liverpool and London S.S. Protection and Indem. Ass'n, Ltd. v. Islas Galapagos Turismo Y Vapores, C.A.*, 1998 AMC 841, 843, 1997 WL 900841 (S.D.Fla. 1997).

Page 3 of 5

### V. Plaintiff's claims are proper.

Plaintiff must show only that its claims are not frivolous and that damages are reasonably calculated. *Peter Dohle Schiffahrts KG v. Sesa Goa Ltd.*, 642 F.Supp.2d 216, 222 (S.D.N.Y. 2009). The amount of the attachment properly includes interest and legal costs recoverable in the proceedings. *See, for example, Dongbu Express Co., Ltd. v. Navios Corporation*, 944 F.Supp. 235 (S.D.N.Y. 1996). Plaintiff has shown that it has suffered actual damages that are calculated pursuant to the agreement of the parties.

### VI. Conclusion.

As a result of the foregoing, plaintiff has established the necessary elements to support its motion for issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B.

    Respectfully submitted,

    HASTAY MARINE LTD, plaintiff,

    s/ Timothy S. McGovern
    Its attorney

Timothy S. McGovern (#6275492)
James M. Gale
SWANSON, MARTIN & BELL, LLP
330 North Wabash – Suite 3300
Chicago, Illinois 60611
Tel.: (312) 321-9100
Fax: (312) 321-0990
tmcgovern@smbtrials.com